Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| LMD & ASSC, LLC. (CORP DE P.R.), LMD & ASSC, LLC (CORP DE CAROLINA DEL SUR) **Peticionario** <br><br> v. <br><br> ALLIED CAR & TRUCK RENTAL, INC/ALLIED FINANCIAL SERVICES, INC. **Recurrido** <br><br> v. <br><br> LUIS M. DERRY Y OTROS **Peticionario** | KLCE202400103 | *CERTIORARI* procedente del Tribunal de Primera Instancia Carolina <br><br> Caso Núm: SJ2019CV03786 <br><br> Sobre: Incumplimiento de contrato y Otros |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard.

**Hernández Sánchez, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 12 de febrero de 2024.

El 25 de enero de 2024, LMD & ASSC, LLC[1] (LMD) y Luis Mark Derry (señor Derry) (en conjunto, los peticionarios) comparecieron ante nos mediante una *Petición de Certiorari* y nos solicitaron la revocación de una *Resolución* que se dictó y notificó el 11 de enero de 2024 y una *Orden* que se dictó y notificó ese mismo día por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI). Mediante la Resolución, el TPI declaró No Ha Lugar una solicitud presentada por los peticionarios para que se celebrara una vista evidenciaria conforme a lo previamente ordenado por esta Curia en el caso núm. KLAN20200999 y reiterado en el caso núm. KLAN202200949. Ahora bien, en la *Orden* recurrida, el TPI le ordenó a Allied Car and Truck Rental, Inc. y a Allied Financial Services, Inc.

---

[1] Es preciso aclarar que la corporación que recurre ante nos, LMD & ASSC, LLC, es la corporación de Carolina del Sur y no la corporación de Puerto Rico.

(en conjunto, Allied o la parte recurrida) a que presentara un proyecto de ejecución de sentencia en cuanto a unos honorarios impuestos por temeridad.

Por los fundamentos que expondremos a continuación, **expedimos** el auto de *certiorari* y **revocamos** la *Resolución* que se dictó y notificó el 11 de enero de 2024.

I.

Previo a discutir el tracto procesal pertinente al caso de autos, es menester proveer un recuento de ciertos hechos para poder entender el origen de la controversia. Conforme surge del expediente ante nuestra consideración, LMD y LMD & ASSC Puerto Rico (LMD PR) instó una *Demanda* sobre daños y perjuicios y sentencia declaratoria contra Allied y Rhamses Carazo en otro caso con la denominación alfanumérica SJ2019CV03786. Finalmente, el 10 de noviembre de 2020, el TPI dictó una *Sentencia Parcial* desestimando con perjuicio la referida *Demanda* bajo el fundamento de que se dejó de exponer la concesión de un remedio y, además, le impuso honorarios por temeridad tanto a LMD como a LMD PR. En desacuerdo con este dictamen, LMD y LMD PR presentaron una *Apelación* ante este Tribunal impugnando dicho dictamen. Evaluado el recurso, el 23 de marzo de 2021, un panel hermano de este Tribunal de Apelaciones dictó una *Sentencia* en el caso núm. KLAN202000999.[2]

El dictamen apelativo concluyó que existía controversia en torno a si el señor Derry compareció como promotor en un acuerdo que hubo entre las partes y si LMD asumió las obligaciones de los contratos pactados ya que no se había desfilado prueba sobre estos asuntos. En consecuencia, se refirió el caso al TPI para la resolución de las mencionadas controversias.[3] Del mismo modo, en la referida

---

[2] Véase, págs. 18-39 del apéndice del Recurso.
[3] Íd., pág. 33.

*Sentencia,* resolvió que no procedía imponerle honorarios por temeridad a LMD ya que entendió que este último descansó de buena fe en una interpretación errónea del derecho vigente.

Posteriormente, en el caso civil núm. SJ2019CV03786 el señor Derry presentó una moción de desestimación y el TPI la declaró Ha Lugar mediante una *Sentencia Parcial* que se emitió el 11 de octubre de 2022. En desacuerdo con este dictamen, Allied presentó una *Apelación* el 28 de noviembre de 2022 ante este Tribunal solicitando la revocación del referido dictamen. Así pues, el 27 de abril de 2023, un panel hermano emitió una *Sentencia* en el caso núm. KLAN202200949 revocando el dictamen apelado. Específicamente, resolvió lo siguiente:

> Nótese que en el presente caso el foro primario no celebró vista evidenciaria, a los fines de dilucidar las controversias de hechos expuestas por esta Curia en su *Sentencia* emitida el 23 de marzo de 2021 en el caso KLAN202000999 y determinar la participación y responsabilidad del señor Derry, si alguna, en los contratos objeto de controversia. Por lo cual, concluimos que el foro *a quo* no acogió el mandato de esta Curia, a los fines de determinar la responsabilidad del señor Derry en la relación contractual entre LMD y Allied. En consecuencia, será deber del foro primario acatar el dictamen emitido por este Tribunal revisor en el caso KLAN202000999 y resolver la participación del señor Derry en la relación contractual entre Allied y LMD.[4]

Una vez recibido el mandato de la *Sentencia* proveniente del caso núm. KLAN202200949 y tras varias incidencias procesales, el 15 de diciembre de 2023, el TPI celebró una vista de estado de los procedimientos. De igual modo, ese mismo día, el TPI emitió una *Orden* mediante la cual le concedió a las partes hasta el 31 de diciembre de 2023 para que actualizaran el Informe con Antelación a Juicio que se había presentado el 28 de octubre de 2022.[5]

---

[4] Íd., pág., 62.
[5] Véase, pág. 14 del apéndice del Recurso.

Así las cosas, el 18 de diciembre de 2023, Allied presentó una *Moción en Solicitud de Ejecución de Sentencia*.[6] En esta, alegó que el Tribunal de Apelaciones determinó que no intervendría con la imposición de honorarios de abogados contra LMD PR ya que no hubo abuso de discreción por parte del TPI. Sostuvo que, luego de varias gestiones realizadas para obtener el pago de dichos honorarios, no había recibido el referido pago. En mérito de lo anterior, Allied le solicitó al TPI a que le ordenara a LMD PR a efectuar el pago de las sumas impuestas. Asimismo, solicitó la imposición de honorarios por temeridad adicionales, por hacerle gastar innecesariamente recursos para conseguir el pago de honorarios. Atendido este escrito, el 19 de diciembre de 2023, el TPI le concedió veinte (20) días a LMD para que replicaran esta moción.[7]

Posteriormente, el 3 de enero 2024, los peticionarios y LMD PR presentaron una *Moción en Solicitud de Orden*.[8] En primer lugar, argumentaron que esta Curia había ordenado a celebrar una vista evidenciaria a los efectos de determinar la participación y responsabilidad del señor Derry en los contratos objeto de controversia. Esbozaron que, siendo ello así, entendían pertinente que se llevara a cabo la vista ordenada a los fines de dilucidar dichas controversias. En esa misma fecha, los peticionarios y LMD PR presentaron una *Moción en Solicitud de Prorroga* en la cual solicitaron treinta (30) días adicionales para cumplir con la *Orden* que el TPI emitió el 19 de diciembre de 2023. [9]

Al día siguiente, el 4 de enero de 2024, Allied presentó una *Oposición a "Moción en Solicitud de Orden" y "En Solicitu [sic] de Prórroga"*.[10] En esta, insistió en el planteamiento referente a que los peticionarios no habían pagado los honorarios de abogado que les

---

[6] Íd., pág. 15-17.
[7] Véase, SUMAC, Entrada 261.
[8] Véase, págs. 49-50 del apéndice del Recurso.
[9] Véase, SUMAC, Entrada 264.
[10] Véase, SUMAC, Entrada 265.

había impuesto el TPI. En cuanto al asunto de la vista argumentativa, Allied esbozó que, en la vista de estatus del 15 de diciembre de 2023, el TPI "ordenó a las partes atender unos asuntos relativos a la responsabilidad del tercero demandado en el informe de conferencia con antelación a juicio".[11] De tal manera, Allied razonó que el pedido de los apelantes era bifurcar el juicio y que, de igual manera, dicho pedido era un intento para atrasar los procedimientos.

Evaluado los planteamientos de las partes, el 11 de enero de 2024, el TPI emitió una *Resolución* en la cual determinó lo siguiente:

> EL TRIBUNAL DECLARA NO HA LUGAR LAS SOLICITUDES DE PRÓRROGA Y DE CELEBRACIÓN DE VISTA EVIDENCIARIA QUE LA PARTE DEMANDANTE-RECONVENIDA PRESENTÓ EL 3 DE ENERO DE 2024.[12]

De igual manera, ese mismo día, el TPI le ordenó a Allied a que presentara un proyecto de orden para ejecutar la sentencia en cuanto a los honorarios impuesto por temeridad.[13] En cumplimiento con esta directriz, el 12 de enero de 2024, Allied presentó una *Moción en Cumplimiento de Orden* en la cual anejó los correspondientes proyectos de ejecución de sentencia.[14]

Subsiguientemente, el 16 de enero de 2024, los peticionarios presentaron una *Solicitud De Reconsideración A: I) Resolución [...] y II) Orden* [...].[15] Mediante esta, esbozaron que lo único que solicitaron fue una prórroga para expresar su réplica a la solicitud de ejecución de sentencia, en la cual se solicitaba la ejecución de una cuantía, que, a su juicio, era incorrecta, no líquida, ni exigible, no final y contraria a derecho. Igualmente, argumentaron que le habían solicitado al TPI que acatara las directrices impartidas por el Tribunal de Apelaciones de manera tal que se resolvieran ciertas

---

[11] Íd. pág., 2.
[12] Véase, pág., 2 del apéndice del recurso.
[13] Íd., pág. 3.
[14] Íd., pág., 63-69.
[15] Íd., pág. 4-11.

controversias de hecho relacionadas al caso de autos, previo a la celebración del juicio.

Por su lado, el 17 de enero de 2024, Allied presentó una *Oposición a Solicitudes de Reconsideración.*[16] En esta adujo que el término concedido por el TPI para replicar la solicitud de ejecución de hipoteca había vencido el 8 de enero de 2024 y que el fundamento de la representación legal de LMD referente a que no podría cumplir con el término ya que estaría de vacaciones, no era suficiente para conceder la prórroga que solicitaban. Del mismo modo, manifestó que estaba en contra de posponer la presentación del Informe de Conferencia con Antelación a Juicio, el cual informó que ya estaba listo con la posición de ambas partes.

Evaluado los escritos, el 17 de enero de 2024, el TPI emitió una *Resolución* en la cual dispuso lo siguiente:

> EL TRIBUNAL DECLARA NO HA LUGAR LA SOLICITUD DE RECONSIDERACIÓN QUE LMD PRESENTÓ EL 16 DE ENERO DE 2024.
>
> LOS ASUNTOS RELACIONADOS CON LA POSIBLE RESPONSABILIDAD DE LUIS MARK DERRY SERÁN ATENDIDOS PRÓXIMAMENTE.
>
> LOS HONORARIOS POR TEMERIDAD FUERON IMPUESTOS EN UNA SENTENCIA PARCIAL QUE ADVINO FINAL Y FIRME. POR OTRA PARTE, LA SOLIICTUD DE PRÓRROGA NO EXPUSO JUSTA CAUSA. LAS VACACIONES DE UN ABOGADO NO CNSTITUYEN JUSTA CAUSA. REFIÉRASE A LAS EXPRESIONES QUE SOBRE ESTE ASUNTO HICIERA EL TRIBUNAL SUPREMO EN SOTO PASTRANA V. RECHANI (2003).[17]

Insatisfechos, el 25 de enero de 2024, los peticionarios presentaron el presente recurso y formularon los siguientes señalamientos de error:

> **Abusó de discreción el TPI al no acatar las directrices impartidas por este Tribunal de Apelaciones en los casos KLAN202000999 y KLAN202200949, y en consecuencia denegar la celebración de la vista.**

---

[16] Véase, SUMAC, Entrada 275.
[17] Véase, pág. 13 del apéndice del Recurso.

**Abusó de discreción el TPI al declarar Con Lugar una ejecución de sentencia, por una cantidad errónea de dinero, relativa a unos honorarios de abogado, y a su vez, ordenar que se sometiese un proyecto de orden para ejecutar una cantidad errónea de dinero.**

Cabe precisar, que junto a su recurso de *certiorari*, los peticionarios presentaron una *Moción Urgente en Auxilio de Jurisdicción* mediante la cual solicitaron la paralización de los procedimientos toda vez estaba pendiente ante el TPI una moción de ejecución de sentencia. Atendido el recurso, el 25 de enero de 2023, emitimos una *Resolución* **declarando No Ha Lugar la moción de auxilio de jurisdicción ya que no surgía del apéndice, ni de SUMAC que el TPI ordenara el mandamiento de la ejecución de sentencia.** Por último, le concedimos a la parte recurrida de epígrafe hasta el 5 de febrero de 2024 para que presentara su oposición al recurso.

El 29 de enero de 2024, los peticionarios presentaron una *Moción de Reconsideración*. En esta, informaron que el 26 de enero de 2024, un día después de que emitiéramos nuestra *Resolución,* el TPI notificó la *Orden de Ejecución de Sentencia*. En vista de ello, el 30 de enero de 2024, le concedimos a Allied hasta el 1 de febrero de 2024 para que expresara por qué no debíamos paralizar la *Orden de Ejecución de Sentencia*.

Oportunamente, el 1 de febrero de 2024, Allied presentó su *Oposición a Expedición de Auto de Certiorari* y negó la comisión de los errores imputados por los peticionarios. Sin embargo, no dispuso nada en cuanto a la paralización de la *Orden de Ejecución de Sentencia*. Así pues, declaramos No Ha Lugar la solicitud de reconsideración ya que como mencionamos anteriormente, no surgía del expediente ante nuestra consideración que el TPI hubiese expedido un mandamiento de ejecución de sentencia.

Con el beneficio de la comparecencia de las partes, procedemos a resolver la controversia que está ante nuestra consideración. *Veamos.*

II.

**-A-**

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez,* 2023 TSPR 46, 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró,* 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B enmarca los criterios que debe evaluar este tribunal al expedir un auto de *certiorari.* La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró,* supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago,* 176 DPR 559, 581 (2009).

**-B-**

El mandato es una figura enmarcada dentro de los procesos apelativos. *Colón y otros v. Frito Lays,* 186 DPR 135, 151 (2012). El Tribunal Supremo lo ha definido como "el medio que posee un tribunal en alzada de comunicarle a un tribunal inferior qué determinación ha tomado sobre la sentencia objeto de revisión y ordenarle actuar de conformidad con la misma". Íd.; *Mejías el al. v. Carrasquillo et al.,* 185 DPR 288, 300-301 (2012). El propósito principal del mandato es lograr que el tribunal inferior actúe conforme a los pronunciamientos del tribunal apelativo. Íd., pág. 301.

Asimismo, la doctrina establece que, si bien es cierto que los tribunales de menor rango le deben fiel cumplimiento y obediencia al mandato judicial de un tribunal de mayor jerarquía, "estos mantienen discreción para reconsiderar asuntos que no fueron expresamente o implícitamente decididos por el tribunal que emitió la orden de mandato. Íd., pág. 302. Sin embargo, lo anterior no debe interpretarse como una justificación para que los tribunales inferiores actúen fuera de la orden dictada. Id., pág. 303. Así pues, "solo aquellos asuntos que son ajenos al mandato judicial [son] los que el foro inferior podrá revisar, a saber, **aquellos asuntos que no surgen de manera explícita o implícita**". Íd. (Énfasis suplido)

La figura del mandato se encuentra delineada en la Regla 84(E) del Reglamento del Tribunal de Apelaciones. En lo pertinente, dicha regla establece que:

> [...]
>
> (E) Transcurridos diez días laborables de haber advenido final y firme la decisión del Tribunal de Apelaciones, el Secretario o Secretaria enviará el mandato al Tribunal de Primera Instancia o a la agencia correspondiente, junto con todo el expediente original, cuando éste haya sido elevado.

El mandato cobra especial relevancia con lo relacionado a los efectos de índole jurisdiccional que pueda tener su remisión al foro de origen. *Colón y otros v. Frito Lays, supra,* pág. 153. Lo anterior, debido a que, "una vez el tribunal en alzada emite su determinación, y la misma adviene final y firme, se enviará el mandato correspondiente al foro recurrido". Íd. Así, "[e]s en ese momento que el recurso que estaba ante la consideración del foro revisor concluye para todos los fines legales, por lo que se entiende que no es hasta entonces que este pierde jurisdicción en lo concerniente al asunto". Íd. Consonó con lo anterior, el foro revisado no adquiere jurisdicción nuevamente para continuar con los procedimientos y ejecutar los

dictámenes de la sentencia en alzada, hasta tanto reciba el mandato del tribunal revisor. Íd., pág. 154.

**-C-**

La jurisdicción es la autoridad que posee un tribunal o un foro administrativo para considerar y adjudicar determinada controversia o asunto. *Pérez López v. CFSE,* 189 DPR 877, 882 (2013). La falta de jurisdicción trae consigo las consecuencias siguientes:

> (a) no es susceptible de ser subsanada; (b) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede este arrogársela; (c) conlleva la nulidad de los dictámenes emitidos; (d) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (e) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (f) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855 (2009).

A tono con lo anterior, nuestro Tribunal Supremo ha expresado que los tribunales **"debemos ser celosos guardianes de nuestra jurisdicción", por lo que tenemos la indelegable labor de auscultarla, incluso cuando ello no se nos haya planteado**. (Énfasis nuestro). *Cordero v. Oficina de Gerencia de Permisos y otros*, 187 DPR 445, 457 (2012). Así pues, "las cuestiones jurisdiccionales deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo". *González v. Mayagüez Resort & Casino*, supra, pág. 856. Ello, ya que los tribunales no tenemos discreción para asumir jurisdicción donde no la tenemos. *Yumac Home v. Empresas Masso*, 194 DPR 96, 103 (2015). Cuando este Foro carece de jurisdicción, procede la inmediata desestimación del recurso apelativo. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007).

Un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Estos tipos de recursos carecen de eficacia y no producen ningún efecto jurídico, pues, al momento de su presentación, su naturaleza prematura o tardía hace que el foro apelativo no tenga autoridad alguna para acogerlo. Íd. Conforme a lo que antecede, este Tribunal de Apelaciones puede desestimar, *motu proprio,* un recurso prematuro o tardío por carecer de jurisdicción. Regla 83 (B) (1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

III.

Previo a atender la controversia ante nos, es importante mencionar que conforme a la Regla 52.1 de Procedimiento Civil, *supra,* este Tribunal tiene jurisdicción para atender el presente recurso toda vez que esperar a la apelación constituiría un fracaso irremediable de la justicia. A su vez, de conformidad con los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* este foro apelativo intermedio se encuentra en posición de expedir el auto.

En el recurso que esta ante nuestra consideración, los peticionarios impugnaron la *Resolución* que dictó y notificó el TPI el 11 de enero de 2024 mediante la cual, en lo pertinente, se declaró No Ha Lugar la celebración de la vista evidenciaria. En específico, en su primer señalamiento de error, sostuvieron que el TPI abusó de su discreción al no acatar las directrices que esta Curia impartió en los casos KLAN202000999 y KLAN202200949, en los cuales se ordenó la celebración de una vista evidenciaria. Por otro lado, en su segundo señalamiento de error, los peticionarios esbozaron que el TPI incidió al declarar Ha Lugar una solicitud de ejecución de sentencia referente al pago de unos honorarios de abogado y a su

vez ordenar que se sometiese un proyecto de orden para ejecutar dicha cantidad de dinero.

Surge del expediente que, en dos ocasiones distintas, este Tribunal de Apelaciones le ordenó al TPI la celebración de una vista evidenciaria para determinar si hubo alguna responsabilidad o participación por parte del señor Derry en los contratos que son objeto de esta controversia. No obstante, pese a esta clara directriz, el TPI ha obviado acatar dicha instrucción. Prueba de ello fue el declarar No Ha Lugar la *Moción en Solicitud de Orden* presentada por los peticionarios y LMD PR, el 3 de enero de 2024, mediante la cual esta parte le solicitó al TPI a que celebrara la vista que nuestros paneles hermanos habían ordenado. Es norma reiterada en nuestro ordenamiento jurídico, que una vez el mandato de un tribunal de rango mayor es remitido al tribunal inferior, este adquiere jurisdicción bajo **los únicos fines de ejecutar la sentencia, tal como fue emitida en apelación.** *Mejías el al. v. Carrasquillo et al.,* supra, pág. 301. Es decir, **los tribunales de menor jerarquía le deben obediencia y fiel cumplimiento al mandato judicial de un tribunal de mayor rango en todos aquellos asuntos que surjan claramente y sin espacio a ambivalencias en la sentencia apelativa.** Íd., págs. 302-303.

Cónsono con el análisis que antecede, es forzoso concluir que el TPI no tenía discreción sobre si debe o no seguir la directriz que este Tribunal de Apelaciones le ordenó en los casos KLAN202000999 y KLAN202200949. En ese sentido, por tercera ocasión, concluimos que el TPI **tiene** la obligación de celebrar la vista evidenciara que ya previamente se le había ordenado celebrar. Cabe puntualizar que no podemos dejar de mencionar que la figura mandato ha sido ampliamente discutida y reiterada y debe ser conocida por los foros sujetos a revisión. La falta de dicho conocimiento básico implica que, como en este caso, se infrinja nuestra política pública de economía

procesal y acceso a la justicia. Ello pues, estos errores procesales atrasan y duplican los procedimientos judiciales. Más lamentable aún, estos errores tienen repercusiones perjudiciales para los ciudadanos que interesan utilizar su derecho a revisión judicial, pues les obliga a presentar múltiples recursos, lo cual implica multiplicidad de gastos económicos. Por tales razones, colegimos que se cometió el primer señalamiento de error.

Es preciso puntualizar, que los peticionarios también acudieron de una *Orden* que se dictó y notificó el 11 de enero de 2024 en la cual se le ordenó a la parte recurrida a que en un término de diez (10) días presentara un proyecto de orden para ejecutar la sentencia en cuanto a unos honorarios de abogado. Así pues, a raíz de esta *Orden*, los peticionarios formularon el segundo señalamiento de error antes mencionado. Es preciso puntualizar que, junto al recurso de epígrafe que se presentó el 25 de enero de 2024, los peticionarios presentaron una moción en auxilio de jurisdicción. Ese mismo día, declaramos *No Ha Lugar* la moción de auxilio de jurisdicción y **expresamos que no surgía del apéndice, ni de SUMAC que el TPI hubiera ordenado el Mandamiento de Ejecución de Sentencia.** Posteriormente, los peticionarios nos solicitaron una reconsideración puesto que el 26 de enero de 2024, entiéndase, un día posterior a la presentación de recurso de epígrafe y la moción de auxilio de jurisdicción, el TPI había notificado una *Orden sobre Ejecución de Sentencia.*

Nótese que, los peticionarios no recurrieron de una orden de ejecución de sentencia sino de una orden en la cual se le solicitó a Allied presentar un proyecto de orden para ejecutar una sentencia. Es decir, los peticionarios no recurrieron de ninguna determinación del TPI en cuanto a ese asunto. De hecho, como reseñáramos, la orden sobre ejecución de sentencia se notificó posterior a la presentación de este recurso. Por tal motivo, es forzoso concluir que

no podemos atender el segundo señalamiento de error, toda vez este fue presentado de manera prematura ante esta Curia. De igual manera y por los mismos fundamentos, declaramos No Ha Lugar la Solicitud de Reconsideración presentada el 29 de enero de 2024 por los peticionarios.

IV.

Por los fundamentos, anteriormente expuestos, los cuales hacemos formar parte de esta Sentencia, ***expedimos*** el auto de *Certiorari* y ***revocamos*** la *Resolución* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones